UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ODAINE SCOTT and LISA SAMUELS,

        Plaintiffs,

-against-

THE CITY OF NEW YORK; NEW YORK POLICE DEPARTMENT OFFICER MICHAEL CATANZARO, *individually and in his official capacity*; NEW YORK POLICE DEPARTMENT OFFICERS JOHN DOES, *individually and in their official capacities*,

        Defendants.

**MEMORANDUM AND ORDER**
24-CV-8406 (NRM) (VMS)

**NINA R. MORRISON**, United States District Judge:

Plaintiffs Odaine Scott and Lisa Samuels bring this action under 42 U.S.C. § 1983 and New York state law against the City of New York, New York Police Department ("NYPD") Officer Michael Catanzaro, and other unnamed NYPD officers, alleging false arrest, false imprisonment, malicious prosecution, and abuse of process. Plaintiffs' claims revolve around what they contend was the police officers' failure to conduct further investigation to establish probable cause before arresting Plaintiffs when the circumstances known to the officers raised specific grounds to doubt the complainant's veracity.

Defendants requested a pre-motion conference ("PMC") in anticipation of filing a motion to dismiss, which the Court granted. At the PMC, pursuant to Individual

1

Rule 5.1.4, the Court construed the parties' PMC letters as the motion to dismiss itself. Min. Entry dated Aug. 28, 2025. The Court then conditionally denied Defendants' motion to dismiss Plaintiff Scott's false arrest and malicious prosecution claims, and further conditionally denied, without prejudice, Defendants' claim that Officer Catanzaro was entitled to qualified immunity. *Id*. The Court gave Defendants leave to file a letter brief with additional authorities they wished the Court to consider before making a final ruling on the motion. *Id*.

For the reasons below, the Court DECLINES to disturb its conditional ruling and DENIES Defendants' motion to dismiss as to Plaintiff Scott's false arrest and malicious prosecution claims. The Court further finds that, based on the allegations in the Complaint, Defendant Catanzaro is not shielded from liability on grounds of qualified immunity, without prejudice to his ability to reassert that defense at summary judgment or at trial.

## **FACTUAL BACKGROUND**

Plaintiffs' Complaint asserts the following facts, which the Court accepts as true for purposes of Defendants' motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs Scott and Samuels were in a vehicle in Brooklyn when Police Officer John Does stopped the car and approached them. Compl. ¶¶ 14–16, ECF No. 1. The police officers detained and arrested Scott on an outstanding warrant. *Id*. ¶ 17. Officer Catanzaro and other John Doe police officers charged Scott with three felonies. *Id*. ¶ 30. The charges and the arrest were based on a complaint by a woman

2

named Crystal, a former girlfriend with whom Scott had been in a serious relationship for many years. *Id.* ¶ 31. Scott and Crystal also lived together during their relationship. *Id.* Crystal had complained to Officer Catanzaro and other John Doe police officers that she had been a victim of an assault and burglary in her apartment in Queens by Scott in July 2023. *Id.* ¶ 32. Crystal reported the incident several weeks after it allegedly occurred. *Id.* ¶¶ 34, 43.

Crystal informed Officer Catanzaro that Scott was her "former boyfriend." *Id.* ¶ 33. Catanzaro was also aware that Crystal was making her complaint several weeks after the alleged incident. *Id.* ¶ 34. Catanzaro and the other police officers "took no investigative steps to sufficiently corroborate the veracity of [Crystal's] statements and allegations." *Id.* ¶ 35. They did not conduct additional interviews or search for evidence of the alleged assault and burglary, but "only relied on the unverified word of Crystal." *Id.* ¶ 43. Plaintiffs claim the officers did not engage in the requisite due diligence and investigation to formulate probable cause to arrest Scott or justify the issuance of a warrant for his arrest. *Id.* ¶ 36.

## PROCEDURAL BACKGROUND

Plaintiffs initiated this action on December 6, 2024. Compl. Thereafter, Defendants requested a PMC in anticipation of filing a motion to dismiss. Def. Letter Mot. for PMC, ECF No. 10; *see also* Pl. Letter in Opp'n to PMC, ECF No. 12.

The Court held a PMC and construed the parties' PMC letters (ECF Nos. 10, 12) as the motion to dismiss itself pursuant to the Court's Individual Rule 5.1.4. Min. Entry dated Aug. 28, 2025. The Court conditionally denied Defendants' motion to

dismiss Plaintiff Scott's false arrest claim; Plaintiff Samuel's false arrest claim; Defendants' arguments on qualified immunity grounds, without prejudice to Defendants' ability to raise the qualified immunity defense at summary judgment and trial; and Plaintiff Scott's malicious prosecution claim.[1]  *Id.*

The Court allowed Defendants to file a letter brief if they wished the Court to consider additional authorities before making its final ruling on the motion.  *Id.* Defendants filed a supplemental letter brief in support of their motion on September 29, 2025.  Def. Letter Br. ("Letter"), ECF No. 16.  Defendants argue that the Court should reconsider its conditional ruling as to Plaintiff Scott's false arrest and malicious prosecution claims based on probable cause and qualified immunity and grant the motion to dismiss, or, in the alternative, issue a schedule for further briefing on the motion.[2]  Letter at 1, 4.[3]

---

[1] At the PMC, Plaintiffs withdrew Plaintiff Samuel's malicious prosecution claim and both plaintiffs' abuse of process claims.  Min. Entry dated Aug. 28, 2025. Plaintiffs also withdrew their *Monell* claims, without prejudice to their ability to seek leave to amend to raise them as the case progresses through discovery.  *Id.*  Finally, Plaintiffs clarified that they do not raise any failure to intervene claim in this action. *Id.*

[2] Defendants do not contest the Court's conditional denial of Defendants' motion to dismiss Plaintiff Samuels's false arrest claim.  *See* Min. Entry dated Aug. 28, 2025; Letter at 1.  Accordingly, the Court now construes Defendants' PMC letter as the motion itself and, for the reasons stated on the record at the August 28, 2025 PMC, denies Defendants' motion to dismiss Plaintiff Samuels's false arrest claim.

[3] All page references use Electronic Case Filing System ("ECF") pagination except where noted.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "must construe [a complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021). However, courts must also "disregard conclusory allegations, such as 'formulaic recitation[s] of the elements of a cause of action.'" *Id.* at 107 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

For the reasons discussed below, Defendants' renewed argument that the Court should grant their motion to dismiss Plaintiff Scott's false arrest and malicious prosecution claims based on probable cause and qualified immunity is unpersuasive.

### I. Probable Cause

"Probable cause 'is not a high bar.'"[4]  *D.C. v. Wesby*, 583 U.S. 48, 57 (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). As a general matter, "a

---

[4] Although "[t]he probable cause determination relevant to a malicious prosecution claim differs from that relevant to a false arrest claim, . . . a lack of probable cause to believe the plaintiff committed the crime in question necessarily entails a lack of probable cause to commence a proceeding against him or her." *Mejia v. City of New York*, 119 F. Supp. 2d 232, 254 (E.D.N.Y. 2000) (citing *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 417 (2d Cir.1999)). Because Crystal's complaint

law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." *Panetta v. Crowley,* 460 F.3d 388, 395 (2d Cir. 2006) (quoting *Martinez v. Simonetti,* 202 F.3d 625, 634 (2000)).  "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Ricciuti v. N.Y.C. Transit Auth.,* 124 F.3d 123, 128 (2d Cir. 1997).  For example, even when there may be conflicting accounts of a physical altercation, the Second Circuit has "found probable cause where a police officer was presented with different stories from an alleged victim and the arrestee." *Curley v. Vill. of Suffern,* 268 F.3d 65, 70 (2d Cir. 2001).

The Second Circuit has explained that "[w]hen information is received from a putative victim or an eyewitness, probable cause exists, *unless the circumstances raise doubt as to the person's veracity.*"  *Id.* at 70 (citation omitted) (emphasis added); *see also Miloslavsky v. AES Eng'g Soc'y, Inc.*, 808 F. Supp. 351, 355 (S.D.N.Y. 1992), *aff'd,* 993 F.2d 1534 (2d Cir. 1993) ("The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed.").

As the Court discussed at the pre-motion conference, while probable cause is a "low bar," *see Dorsey v. Gannon*, No. 22-2735, 2024 WL 1338772, at *2 (2d Cir. Mar. 29, 2024) (summary order)), it is also well established that "the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack

---

was the basis for both Plaintiff's arrest and the charges subsequently filed, the Court addresses probable cause for false arrest and malicious prosecution jointly.

6

of probable cause," *id.* (quoting *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)).

Indeed, several courts in this Circuit have found that, in certain circumstances, a complaining witness's bare allegations were insufficient to establish probable cause as a matter of law, or that the information known to the officer(s) otherwise gave rise to a duty for police officers to further investigate before making an arrest. In *Hart v. City of New York*, for example, the court emphasized that, "where a 'bitter prior relationship exists' that is 'known to the arresting officer before the arrest is made, a complaint from the complaining victim alone may not be enough to constitute probable cause; the officer may need to investigate further.'" No. 11-CV-4678 (RA), 2013 WL 6139648, at *5 (S.D.N.Y. Nov. 18, 2013) (quoting *Sankar v. City of New York*, 867 F. Supp. 2d 297, 306 (E.D.N.Y. 2012)). The Court found that "[t]he officers' further inquiry and corroboration of the facts are sufficient to dispel concerns about [the complainant's] veracity." *Id.* Similarly, in *Torino v. Rieppel*, the court found that the complainant's "seven-month delay in reporting the alleged crime to the police . . . can of course be a factor for the officers to consider in assessing a complainant's truthfulness." No. 07-CV-1929 (JFB) (ETB), 2009 WL 3259429, at *5 (E.D.N.Y. Oct. 8, 2009).

In *Foster v. Diop*, the court found plaintiff's allegation that the police officer "admitted that she knew the accusations against plaintiff were false" to be most critical to its finding that there was a lack of probable cause. No. 11-CV-4731 (KAM) (JMA), 2013 WL 1339408, at *11–12 (E.D.N.Y. Mar. 31, 2013). In *Wong v. Yoo*, the

7

court found that the placement of someone's foot on the plaintiff's neck when police arrived on the scene, the "plaintiff's visible injuries, the lack of any threat of immediate harm, and the presence of eyewitnesses eager to provide statements in plaintiff's favor were circumstances that called into doubt [the defendant's] version of events and required further investigation." 649 F. Supp. 2d 34, 60 (E.D.N.Y. 2009). As these cases illustrate, when "[t]he defendants fail to account for the myriad indicia of unreliability cited by the plaintiffs and which are presumed to be true on a motion to dismiss[,] . . . [t]he factual allegations of the plaintiffs undermine the defendants' assertion of unambiguous probable cause." *Bullard v. City of New York*, 240 F. Supp. 2d 292, 298–99 (S.D.N.Y. 2003).

Here, taking all well-pled facts in the Complaint in the light most favorable to Plaintiff Scott, he has stated a claim for false arrest. *Id*. at 299. The arresting officer's knowledge of the fact that Crystal and Scott had been intimate partners, combined with Crystal's several-week delay in reporting the alleged burglary and the lack of any corroboration at the scene suggesting Scott had burglarized or assaulted Crystal, are sufficient to state a claim that the officers had a duty to investigate further before concluding probable cause to arrest Scott existed based on Crystal's complaint alone. *See id*. ("The Court cannot find, in light of the allegations in the Complaint to the contrary, that as a matter of law the defendants had probable cause to arrest and prosecute [the plaintiff.]").

In their supplemental briefing, Defendants principally rely on the presumption of probable cause that arises from an alleged victim's complaint in that "the

8

information provided by the complainant provided clear probable cause that an assault *may* have occurred." Letter at 3.[5] Defendants analogize to the facts of *Curley* and *Bridgeforth v. City of New York*, No. 16-CV-273 (WHP), 2018 WL 3178221, at *5–6 (S.D.N.Y. June 28, 2018), to argue that "the facts of this case present even stronger support for a finding of probable cause" because "[P]laintiff makes no allegation that the complainant was objectively unreliable based on intoxication or obviously disprovable fabrication." Letter at 2–3. According to Defendants, "[P]laintiff's [C]omplaint simply argues that the arresting officer should have investigated every possible avenue of innocence based on information that said officer could not possibly have known when arresting [P]laintiff." *Id.* at 3.

The additional arguments that Defendants raise in their supplemental briefing do not affect the Court's conditional ruling that a reasonable police officer should have conducted further investigation to establish probable cause. Min. Entry dated Aug. 28, 2025. Plaintiff does not argue — and this Court certainly does not hold — that the arresting officer(s) "should have investigated every possible avenue of innocence" before arresting him. But here, the officers had specific reasons to question the

---

[5] Defendants further argue that "[t]he information that the complainant committed to writing in the Domestic Incident Report established classic probable cause." Letter at 3. Contrary to Defendants' assertion, the Court cannot consider the Domestic Incident Report ("DIR") detailing the complainant's allegations to find that probable cause or arguable probable cause existed to arrest Plaintiff because these facts do not appear on the face of the Complaint. It cannot be said that Plaintiff's Complaint "relies heavily upon [the DIR's] terms and effect," and, thus, "the document [is not] 'integral' to the [C]omplaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

veracity of Crystal's claims. *See Curley*, 268 F.3d at 70. "[O]fficers are not absolutely privileged to arrest upon a charge by any private individual who claims to be a victim." *Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998). "Thus, there is a caveat to the general rule: victim complaints ordinarily establish probable cause 'absent circumstances that raise doubts as to the victim's veracity.'" *Id*. (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir.1995), *cert. denied*, 517 U.S. 1189 (1996)).

That caveat applies here for several reasons. First, Crystal informed the police officer that Plaintiff was her "former boyfriend." Compl. ¶ 33. *Mistretta* recognized the "common-sense principle":

> The most common situation in which such doubts arise is when there exists a prior relationship between the victim and the accused that gives rise to a motive for a false accusation. When such a relationship exists, and is known to the arresting officer before the arrest is made, the complaint alone may not constitute probable cause; the officer may need to investigate further.

5 F. Supp. 2d at 133. Second, Officer Catanzaro was also aware that Crystal waited to make her complaint until several weeks after the alleged incident. Compl. ¶ 34. *See Torino*, 2009 WL 3259429, at *6 (finding that "the long period of delay in reporting the crime" undermined the presumption of probable cause).

Defendants do not engage with the cases that the Court discussed with the parties at the PMC and relied upon in its conditional ruling. Their central argument that "the facts of this case present even stronger support for a finding of probable cause" than those in *Curley* and *Bridgeforth* is unpersuasive. For example, Defendants emphasize that, in *Curley*, the complainants were drunk and the officers

10

were presented with conflicting accounts, Letter at 2 — yet Defendants fail to mention additional factors that were crucial to the Court's probable cause determination. The *Curley* Court listed eight undisputed "facts [that] establish probable cause for plaintiff's arrest for assault," which offer much more support for the complainant's veracity than in this case. *Curley*, 268 F.3d at 69. For instance, the plaintiff in *Curley* admitted to the officer that he struck one of the complainants during a struggle, and another of the complainants had blood on his lip. *Id.*

Here, by contrast, Defendants only had the benefit of Crystal's bare account that "she had been the victim of an assault and burglary in her apartment . . . several weeks after the alleged incident." Compl. ¶¶ 32, 34. Plaintiff made no admissions, and Crystal produced no evidence corroborating her claims. Given the entirety of the circumstances pled in the Complaint, Scott has plausibly alleged that the officers had a duty to conduct at least a limited further investigation before placing him under arrest. *See Mistretta*, 5 F. Supp. 2d 128 at 134 (stating that "[t]he risk of a false accusation was apparent" when one spouse "assert[ed] that [another spouse] had committed the crime of breaking and entering, or perhaps even burglary" amidst divorce proceedings).

Likewise, in *Bridgeforth*, even though the complainant was intoxicated and fabricated an "outlandish tale," substantial additional evidence supported the officer's probable cause determination. 2018 WL 3178221, at *5. The complainant alleged "kidnapping and forced prostitution possibly involving an underage woman." *Id.* The complainant "had swelling on her lip and left eye," and at the plaintiff's

11

apartment, officers found "flyers for hotels known for prostitution" as well as a toddler that matched the complainant's description, "providing credence to her assertion of having been there earlier that evening." *Id.* The Court found that probable cause existed even though "not everything [the complainant] had alleged was found in [the plaintiffs'] apartment." *Id.* Those facts make *Bridgeforth* readily distinguishable from Scott's case, as his arresting officers took no investigative steps, nor did they have any additional evidence supporting probable cause, before placing Plaintiff under arrest.

Accordingly, this Court declines to disturb its conditional ruling, and denies Defendants' motion to dismiss Scott's false arrest claim.

## II.  Qualified Immunity

"Even if probable cause to arrest is ultimately found not to have existed, an arresting officer will still be entitled to qualified immunity from a suit for damages if he can establish that there was 'arguable probable cause' to arrest." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004). "Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" *Id.* (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)). "Thus, the analytically distinct test for qualified immunity is more favorable to the officers than the one for probable cause; 'arguable probable cause' will suffice to confer qualified immunity for the arrest." *Id.*

12

The Second Circuit has made clear that "advancing qualified immunity as grounds for a motion to dismiss is almost always a procedural mismatch." *Chamberlain v. City of White Plains*, 960 F.3d 100, 111 (2d Cir. 2020) (citing *Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, *J.*, concurring)). A motion to dismiss based on qualified immunity therefore "faces a formidable hurdle . . . and is usually not successful." *Id.* (citation modified) (quoting *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 191–92 (2d Cir. 2006)). The Second Circuit has explained that:

> a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route. Not only must the facts supporting the defense appear on the face of the complaint, but, as with all Rule 12(b)(6) motions, the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Thus, the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.

*McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (citation modified).

In their supplemental briefing, Defendants make two main arguments in support of their claim that Officer Catanzaro[6] is entitled to qualified immunity at the pleading stage. First, they argue that "there was at least 'arguable probable cause'

---

[6] Defendants appear to argue only that Officer Catanzaro is entitled to qualified immunity. *See* Letter at 4 ("[T]he individual defendant is entitled to qualified immunity on [P]laintiff's false arrest claim."); Def. Letter Mot. for PMC at 3 ("[T]he arresting officer is entitled to qualified immunity."). To the extent Defendants also argue that the John Doe police officers are entitled to qualified immunity based on the allegations against them in the Complaint, however, this argument is unpersuasive for the same reasons.

13

to arrest [P]lantiff, which is a lower standard than actual probable cause based on the complainant's Domestic Incident Report." Letter at 3. Second, they urge the Court "not to define clearly established law at a high level of generality." *Id.* (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014). Defendants argue that "[i]n the absence of [] specific precedent by either the Supreme Court or the Second Circuit [holding that the specific information known to Defendants did not provide probable cause to arrest plaintiff], the individual defendant is entitled to qualified immunity on plaintiff's false arrest claim." *Id.*at 3–4.

Defendants have not surmounted the formidable hurdle of prevailing on a claim for qualified immunity at the motion to dismiss stage, and their new arguments do not alter the Court's conditional ruling.[7] First, as discussed, the Court cannot consider the DIR detailing the complainant's allegations to find that probable cause or arguable probable cause existed to arrest Plaintiff because these facts do not appear on the face of the Complaint, nor can they fairly be said to be incorporated by reference into to the Complaint. *See Chambers*, 282 F.3d at 153. Furthermore, Plaintiff is "entitled to reasonable inferences . . . that defeat the immunity defense." *McKenna*, 386 F.3d at 436. Here, the only basis for probable cause was Crystal's several-weeks delayed report against a former boyfriend. Against this backdrop, it

---

[7] The Court found that, in light of the factual allegations in the Complaint and the caselaw on circumstances giving rise to a limited duty to investigate, Plaintiffs have plausibly alleged that the officers lacked arguable probable cause. Min. Entry dated Aug. 28, 2025. This denial was without prejudice to Defendants' ability to raise qualified immunity as a defense based on facts established at the summary judgment stage and at trial. *Id.*

14

cannot be said, as a matter of law, either that "it was objectively reasonable for the officer to believe that probable cause existed" or that "officers of reasonable competence could disagree on whether the probable cause test was met." *Escalera*, 361 F.3d at 743.

Defendants' second argument — that the Court should not define clearly established law at a high level of generality — is equally unpersuasive. Defendants argue that there is no case on all fours "hold[ing] that the specific information known to defendants did not provide probable cause to arrest plaintiff." Letter at 3. The right to be free of arrest without probable cause, however, was clearly established at the time of Plaintiff's arrest. *See Soukaneh v. Andrzejewski*, 112 F.4th 107, 124 (2d Cir. 2024) (stating that the Second Circuit has "made clear that 'a constitutional right to be free from arrest without probable cause'" is a "clearly established right[]") (quoting *Gilles v. Repicky*, 511 F.3d 239, 247 (2d Cir. 2007)). Moreover, it is Second Circuit precedent that when "circumstances raise doubt as to the [putative victim's] veracity," probable cause does not exist. *Curley*, 268 F.3d at 70.

Thus, as it was clearly established in the Second Circuit at the time of Scott's arrest that police officers have a limited duty to conduct further investigation in certain circumstances before proceeding to make an arrest, this Court declines to disturb its conditional ruling and denies Defendants' motion to dismiss based on qualified immunity. This ruling, of course, is without prejudice to the individual officer Defendants' ability to raise a defense of qualified immunity based on arguable probable cause (or otherwise) at summary judgment and/or at trial.

15

## **CONCLUSION**

For the reasons discussed above, the Court DENIES Defendants' motion to dismiss as to Plaintiff Scott's false arrest and malicious prosecution claims, and DENIES, without prejudice, Defendant Catanzaro's motion to dismiss based on qualified immunity.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:  December 11, 2025
        Brooklyn, New York